**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRACY K. BALTHROP,

  Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

  Defendant-Appellee.

No. 04-7008
(D.C. No. 03-CV-260-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Tracy Balthrop appeals from a district court order upholding the Commissioner's decision to deny disability insurance and supplemental security income benefits. We affirm.

The administrative law judge (ALJ) found that Plaintiff "has the following impairments which are considered to be 'severe' under the Social Security Act and Regulations: degenerative disc disease of the cervical and lumbar spine and degenerative joint disease of the left wrist and left knee." App. tab 3 at 17. The ALJ found that these impairments left Plaintiff with a residual functional capacity (RFC) to "lift and/or carry 10 pounds occasionally and five pounds frequently; stand and/or walk two hours of an eight-hour workday; and sit six hours of an eight-hour workday." *Id.* at 28. In addition, the ALJ found that Plaintiff "can sit for 30 minutes at a time" and "is limited to only occasional handling (seizing, holding, and turning) with the non-dominant left hand but can finger with the left hand." *Id.* The ALJ then determined that, although Plaintiff could not return to his past work, he was still able to perform a significant number of jobs in the economy, such as the positions of cashier and surveillance systems monitor that a vocational expert had identified as consistent with the above RFC findings. Accordingly, the ALJ denied benefits at step five of the sequential evaluation process. The Appeals Counsel denied review, making the ALJ's decision the final decision of the Commissioner.

"We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the Commissioner's factual findings are supported by substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10 th Cir. 2004). But the scope of our review "is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal." *Berna v. Chater*, 101 F.3d 631, 632 (10 th Cir. 1996). Here, Plaintiff has raised two issues: whether the ALJ improperly disregarded the opinions of two of Plaintiff's treating physicians, and whether the ALJ erred in omitting from Plaintiff's RFC any limitation regarding his use of his right hand.

## Treating-Physician Opinions

"In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10 th Cir. 2003) (internal quotation marks omitted). There are two qualifications, analyzed sequentially:

> An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

*Id.* (internal quotation marks and citations omitted).

If a medical opinion does not qualify for controlling weight, it is still entitled to deference and must be evaluated in light of several factors set out in 20 C.F.R. §§ 404.1527(d) and 416.927(d). [1] This evaluation may lead the ALJ to ascribe diminished weight to the opinion or reject it outright. In any event, the ALJ must give "good reasons" for the decision "that are sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinions and the reason for that weight." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10 th Cir. 2004) (internal quotation marks omitted). If the ALJ rejects the opinion, he or she must give "specific, legitimate reasons for doing so," which may not involve the ALJ's own "speculative inferences from medical reports." *Id.* (internal quotation marks omitted). The ALJ may reject a treating physician's medical opinion "only on the basis of contradictory medical evidence

---

[1]    A summary of these considerations is provided in *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995):

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

and not due to his or her own credibility judgments, speculation or lay opinion." *Id.* (internal quotation marks omitted).

Plaintiff argues that the ALJ improperly discounted opinions expressed by Dr. Stephen E. Smedlund, a neurologist, and Dr. Don Haworth, an osteopath.

Doctor Smedlund saw Plaintiff from August 22 to October 3, 2001, on a referral for low back pain radiating to the left leg as well as a herniated disc at L2-3 and degenerative changes to the lumbar spine below that level. Examination revealed a positive straight-leg-raising test; and an MRI done on September 24, 2001, showed a "[l]eft paracentral disc herniation at the level of L2/3 [that] . . . encroaches into the left neural foramen," App. tab 3 at 208, though an EMG and nerve conduction study done on October 3 showed "no evidence for a lumbosacral radiculopathy producing axonal nerve injury," *id.* at 187. In a letter written on October 3, Dr. Smedlund "recommend[ed] that [Plaintiff] be seen by a spine surgeon to address his herniated disc with a left lumbar radiculopathy," *id.* at 185, but said nothing about functional impairment. The ALJ credited these reports of Dr. Smedlund. The controversy here arises from the fact that also on October 3 Dr. Smedlund wrote this statement on a prescription pad under Plaintiff's name: "The above patient of mine has a herniated lumbar disk and significant back pain. He is totally disabled and unable to be gainfully employed at this time. He needs

a spine surgery consultation." *Id.* at 186. Plaintiff argues that the ALJ improperly rejected this unequivocal statement regarding disability.

The ALJ discounted this conclusory statement. The ALJ criticized the opinion as contradicted by Dr. Smedlund's "very own evaluation on that same date, as well as other medical evidence in the file." *Id.* at 22. Plaintiff's challenge to this criticism may have merit.

But the ALJ also rejected Dr. Smedlund's opinion because "determinations of disability are reserved for the Commissioner." *Id.* Doctor Smedlund's opinion does not address any particular functional limitations associated with Plaintiff's condition. There are no findings of any substance relating to such relevant capacities as the ability to sit, stand, walk, lift, and carry. There is only the bald conclusion that Plaintiff is totally disabled. Not only is that conclusion unhelpful because of its uncertain medical meaning, but also it extends beyond the expertise of a physician, since it requires an assessment of interrelated medical, educational, and vocational factors. As the ALJ's comment indicates, the statement in question was not a "medical opinion," that is, it was not a "judgment[] about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions," 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Rather, it was an opinion on an "issue[]

reserved to the Commissioner," an "administrative finding[] . . . dispositive of a case," *id.* §§ 404.1527(e), (e)(1), 416.927(e), (e)(1). All the requirements discussed earlier regarding how medical source opinions must be assessed apply only to *medical* opinions. *See id.* §§ 404.1527(d), 416.927(d). In contrast, the kind of extra-medical opinion involved here is "not give[n] any special significance" in the disability analysis. *Id.* §§ 404.1527(e)(3), 416.927(e)(3); *see* Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 ("even when offered by a treating source, [bald opinions regarding disability] can never be entitled to controlling weight or given any special significance").

Plaintiff's objections to the handling of Dr. Smedlund's opinion–that the ALJ should have given it controlling weight or given specific legitimate reasons for not doing so in light of the factors set out in the regulations–necessarily assume that Dr. Smedlund stated a *medical* opinion. As we have seen, he did not. Thus, Plaintiff's objections are inapposite.

That said, we note that even opinions on administrative issues reserved to the Commissioner are still evidence that cannot simply be disregarded. *See* SSR 96-5p, 1996 WL 374183, at *5. But that is not what happened here. The ALJ duly cited and discussed Dr. Smedlund's opinion. The ALJ just concluded that the relevant notes and tests did not require "such a pessimistic picture of

Plaintiff's health." App. tab 3 at 22. That reflects an adequate consideration of the evidence in question.

We turn now to Dr. Haworth. Plaintiff had a silicone implant in his left wrist and saw Dr. Haworth several times from March through May 2002 for treatment of wrist pain and possible silicone synovitus. The implant was removed in late April. The office records do not reflect any treatment for the degenerative disc problems discussed above.

Nevertheless, Dr. Haworth prepared a medical source statement for Plaintiff reporting restrictions relating not only to his wrist but also to his ability to walk, stand, and sit throughout the course of a workday. Of particular significance here are restrictions limiting Plaintiff to sitting only two hours out of an eight-hour day and requiring that he lie down during the day to manage pain. *See id.* at 215-16 (also noting Plaintiff could walk or stand for less than an hour). Such restrictions would preclude even sedentary work. *See Ragland v. Shalala*, 992 F.2d 1056, 1058 (10 th Cir. 1993); SSR 96-9p, 1996 WL 374185, at *3 ; SSR 83-10, 1983 WL 31251, at *5.

The ALJ held that Dr. Haworth's opinion regarding these critical postural restrictions was not controlling and, indeed, was entitled to little weight. The ALJ correctly noted that there was no evidence to suggest that this opinion was based on clinical findings from Dr. Haworth's own treatment of Plaintiff or on

any documentation obtained from other medical sources. In fact, Dr. Haworth's only mention of the condition underlying the postural limitations was an unexplained reference to "spinal stenosis" at the end of his medical source statement. App. tab 3 at 216. The ALJ reasonably determined that Dr. Haworth's opinion was "clearly based in large part upon the claimant's subjective complaints, which [the ALJ] d[id] not find to be fully credible," *id.* at 22, and Plaintiff does not challenge the ALJ's credibility analysis here. The record and applicable regulations support the ALJ's decision to deny Dr. Haworth's opinion controlling weight because it was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The regulations also support the ALJ's decision to discount its persuasive weight because of the limited nature of the underlying treatment relationship and lack of supporting materials, *id.* §§ 404.1527(d)(2), (3), 416.927(d)(2), (3).

## RFC – ALJ's Assessment of Right Hand Function

Plaintiff contends that the ALJ erred by failing to recognize a substantial limitation on the use of Plaintiff's right hand. We disagree. The medical records consistently reflect that Plaintiff retains full strength and range of motion in his right hand, which remains capable of both gross (grasping) and fine manipulation. And the medical records are more corroborated than undercut by Plaintiff's own

description of his relevant physical activities, at the hearing, *see* App. tab 3 at 275-77 (conceding he can open doors, do buttons, tie shoes, twist off bottle caps, brush teeth, comb hair, and feed himself), and in written daily activity summaries, *see id.* at 142-47 (August 2001 summary noting Plaintiff does household chores for himself and even plays the guitar, depending on soreness in his *left* wrist), *see also id.* at 150 (February 2002 update noting no changes to daily activities). Substantial evidence supports the ALJ's rejection of a significant functional limitation on Plaintiff's use of his right hand.

In sum, we must defer to the ALJ's assessment of the opinions offered by Dr. Smedlund and Dr. Haworth, and the record supports the ALJ's rejection of any substantial impairment associated with Plaintiff's right hand. As these are the only issues raised in this proceeding, the Commissioner's determination of nondisability and resultant denial of benefits must be upheld.

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge

-10-