UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RITA ROBINSON,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant - Appellee.

No. 03-2170

---

ORDER
Filed May 10, 2004

---

Before **SEYMOUR**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**HENRY**, Circuit Judge.

---

     Appellant's motion to publish the order and judgment filed April 6, 2004, is

granted. The published opinion is attached to this order.

Entered for the Court
Patrick Fisher, Clerk of Court

By:
     Amy Frazier
     Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

RITA ROBINSON,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 03-2170

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## (D.C. No. CIV-02-644)

---

Submitted on the briefs:

Michael D. Armstrong, Albuquerque, New Mexico, for Plaintiff-Appellant.

David C. Iglesias, United States Attorney; Tina M. Waddell, Chief Counsel,
Region VI; Michael McGaughran, Deputy Chief Counsel; and Cicely S. Jefferson,
Assistant Regional Counsel, Social Security Administration, Office of the General
Counsel, Dallas, Texas, for Defendant-Appellee.

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

**PER CURIAM** .

Claimant Rita D. Robinson appeals from the magistrate judge's order affirming the Commissioner's denial of her applications for disability benefits and supplemental security income benefits. [1] Claimant contends the Commissioner erred in (1) not giving controlling weight to the opinion of her treating physician, (2) failing to apply correct legal standard in assessing her ability to perform her past relevant work, (3) ignoring favorable testimony of the vocational expert, and (4) finding her noncompliant with medication without applying the correct legal standard. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). Because the ALJ failed to apply correct legal standards in evaluating the treating physician's opinion, we reverse and remand for further proceedings. [2]

The magistrate judge's order provides a detailed and chronological recitation of claimant's medical record; thus, we only briefly repeat the facts here. Claimant asserts disability beginning June 1, 1998 due to bipolar type II disorder; post-traumatic stress disorder, type II; high blood pressure; and chronic facial

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

pain. Her application was denied initially and on reconsideration. Following a hearing, the administrative law judge (ALJ) determined that claimant was not disabled at step four of the five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), because she had the residual functional capacity (RFC) to return to her past relevant work as a data entry clerk. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. Claimant then appealed to the district court, and the magistrate judge affirmed.

Claimant contends that the ALJ failed to give controlling weight to the opinion of her treating psychiatrist, Dr. George Baca, concerning the severity of her mental impairments and her ability to perform work-related activities. Although we do not conclude the ALJ was required to give Dr. Baca's opinion controlling weight, we do agree the ALJ failed to give sufficient explanation for rejecting Dr. Baca's opinion and that the case must, therefore, be remanded for further proceedings.

Dr. Baca began treating claimant for her mental illnesses in April 1998, more than three years prior to the administrative hearing. He saw her on approximately a monthly basis, and it is undisputed that he is claimant's treating physician with respect to her mental impairments. Dr. Baca diagnosed claimant with bipolar type II disorder, characterized by high anxiety, decreased motor

activity, high depression, history of mania, vegetative symptoms and suicidal ideation or intent.

Dr. Baca began claimant on medication, and noted throughout his treatment that claimant's condition improved and was stable while on medication. There were limited periods during which claimant did not take her medications, and Dr. Baca reported that her symptoms were worse as a result. He consistently reported that claimant was unable to work as a result of her mental condition. During his treatment, claimant was twice hospitalized due to severe suicidal ideation.

Dr. Baca completed an assessment of claimant's mental ability to do work-related activities in April 2001. As to claimant's understanding and memory, he reported that she was limited in her ability to remember locations and work-like procedures and to understand and remember detailed instructions, and that these limitations were severe enough to preclude any employment. With respect to her concentration and pace, he reported that claimant was limited in her abilities to carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance and be punctual within customary tolerance; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based

-4-

symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. He concluded that these limitations were severe enough to preclude any employment. As to claimant's social interaction, he reported that claimant was limited in her abilities to interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior; and adhere to basic standards of neatness and cleanliness. He concluded that these limitations were severe enough to preclude any employment. Finally, as to claimant's ability to adapt, he reported that claimant was limited in her abilities to respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. Again, he concluded that these limitations were severe enough to preclude any employment. Based on this assessment, Dr. Baca opined that claimant's level of symptoms due to her mental impairments met the criteria for Listing § 12.04 of the social security regulations for an affective disorder.     *See* 20 C.F.R. Subpart P., App. 1 § 12.04.

The ALJ stated that Dr. Baca's assessment of claimant's mental ability to do work-related activities was "vague and conclusive," and that it did not

establish that claimant met Listing § 12.04 because it did not identify specific vegetative symptoms and did not indicate the relative severity of each limitation. Aplt. App., Vol. I at 19. This latter statement is clearly in error, as Dr. Baca did explicitly identify the relative severity of each limitation he identified.

The ALJ then implicitly rejected Dr. Baca's assessment of claimant's nonexertional mental limitations. Apparently based on the assessment of a consulting psychiatrist, the ALJ stated that nonexertional factors did not significantly erode claimant's work capacity. This finding is directly contrary to Dr. Baca's opinion. The ALJ acknowledged Dr. Baca's opinion about claimant's nonexertional limitations, but stated that Dr. Baca had noted claimant's noncompliance with prescribed medication and had not reported that her condition was difficult to treat or that it could not be treated successfully if she complied with medication. The ALJ stated that Dr. Baca gave no other reason for his conclusion that claimant could not work and speculated that his reason "appears to be based on that fact that [claimant] refuses to comply with treatments which otherwise provide improvement." *Id*. at 20.

We recently discussed the sequential analysis the ALJ should pursue in evaluating a treating physician's opinion:

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry

-6-

at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.*

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Even if a treating physician's opinion is not entitled to controlling weight, "'[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. [§§] 404.1527 and 416.927.'" *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *4). Those factors are:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id*. at 1301 (quotation omitted).

Further, "[u]nder the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion," that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." *Id*. at 1300 (quotations omitted). "[I]f the ALJ rejects

the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* at 1301 (quotations omitted). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence    and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (quotation and emphasis omitted).

The ALJ's analysis of Dr. Baca's opinion is deficient in several respects. First, the ALJ "failed to articulate the weight, if any, he gave Dr. [Baca's] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether." *Watkins*, 350 F.3d at 1301. Although it is obvious from the ALJ's decision that he did not give Dr. Baca's opinion controlling weight, the ALJ never expressly stated that he was not affording it controlling weight, nor did he articulate a legitimate reason for not doing so. *See* Soc. Sec. R. 96-2p, 1996 WL 374188, at *2. In the context of deciding whether Dr. Baca's report was sufficient to demonstrate that claimant met Listing § 12.04, the ALJ did state that Dr. Baca's assessment of claimant's mental ability to perform work-related activities was "vague and conclusive." Aplt. App., Vol. I at 19. He did not say, however, that Dr. Baca's opinion was not well-supported, nor is this court able to ascertain how or why the ALJ found Dr. Baca's opinion

"vague and conclusive." If the ALJ meant that Dr. Baca's opinion about claimant's nonexertional mental limitations was somehow inadequately supported, we note that a psychological opinion may rest either on observed signs and symptoms or on psychological tests, *see* 20 C.F.R. Subpart P, App. 1 § 12.00(B); thus, Dr. Baca's observations about claimant's limitations do constitute specific medical findings, *see Washington v. Shalala*, 37 F.3d 1437, 1441 (10th Cir. 1994).

After failing to articulate why he did not give Dr. Baca's opinion controlling weight, the ALJ then failed to specify what *lesser* weight he assigned to Dr. Baca's opinion. *See Watkins*, 350 F.3d at 1301. Contrary to the requirements of Soc. Sec. R. 96-2p, the ALJ did not discuss any of the relevant factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. The ALJ clearly gave Dr. Baca's opinion some weight, because he relied on it for his opinion that claimant was stable on medication. The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability. *See Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). Because the ALJ failed to provide any explanation of how he assessed the weight of the treating physician's opinion, as required by Soc. Sec. R. 96-2p, "[w]e cannot simply presume the ALJ applied the correct legal standards in considering [Dr. Baca's] opinion." *Watkins*, 350 F.3d at 1301.

Second, the ALJ appears to have rejected Dr. Baca's opinion based upon his own speculative lay opinion that claimant failed to comply with prescribed treatment, an improper basis to reject the treating physician's opinion. *See McGoffin,* 288 F.3d at 1252. The ALJ stated that Dr. Baca's opinion about claimant's inability to work "appears to be based on the fact that [claimant] refuses to comply with treatments." Aplt. App., Vol. I at 20. We find no evidence in the record that Dr. Baca ever expressed or suggested such an opinion. He did consistently note that claimant was stable on medication and that her condition was worse during the periods in which she had not taken her medication, but he did not indicate that she was refusing to comply with her medications, nor did he provide or suggest any explanation for her lapses. Further, Dr. Baca's treatment notes do not indicate that he believed that claimant was sufficiently stable to return to work even when on medication. Given that Dr. Baca was contemporaneously and consistently reporting that claimant was unable to work as a result of her mental illness, his references to claimant being "stable" may have simply meant that she was not suicidal. Moreover, the ALJ's speculative conclusion is procedurally and legally deficient because he did not make the findings necessary to deny the claim on the basis of claimant's noncompliance with prescribed treatment, nor did he give claimant or her treating physician an opportunity to explain the specific reasons for her failure to

-10-

take medications to determine if justifiable cause existed for her failure. *See* 20 C.F.R. §§ 404.1530 and 416.930; Soc. Sec. R. 82-59, 1982 WL 31384.

Third, the ALJ's statement that Dr. Baca's records did not give a reason for his opinion that claimant is unable to work triggered the ALJ's duty to seek further development of the record before rejecting the opinion. If evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician, to determine if additional needed information is readily available. *See* 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); *see also McGoffin*, 288 F.3d at 1252 (holding ALJ had obligation to recontact treating physician if validity of his report open to question). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001). If the ALJ concluded that Dr. Baca failed to provide sufficient support for his conclusions about claimant's mental limitations, the severity of those limitations, the effect of those limitations on her ability to work, or the effect of prescribed medications on

her ability to work, he should have contacted Dr. Baca for clarification of his opinion before rejecting it. The ALJ did not do so.

Fourth, the ALJ improperly discounted Dr. Baca's opinion about claimant's nonexertional limitations in favor of the opinion of a consulting psychiatrist, Dr. Walker, who apparently did not examine claimant. "[T]he opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant." *Williams,* 844 F.2d at 757; *see also* 20 C.F.R. §§ 404.1527(d)(1), (2) and 416.927(d)(1), (2) ; *see also* Soc. Sec. R. 96-6p, 1996 WL 374180, at *2. "The treating physician's opinion is given particular weight because of his 'unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'" *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) (quoting 20 C.F.R. § 416.927(d)(2)). The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. 20 C.F.R. §§ 404.1527(d)(1), (2) and 416.927(1), (2); Soc. Sec. R. 96-6p, 1996 WL 374180, at *2. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the

-12-

non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so.

Claimant also correctly argues that the magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's decision should have been evaluated based solely on the reasons stated in the decision. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962). "Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).

Because we conclude that the ALJ did not follow the correct legal standards in considering the opinion of claimant's treating physician, we reverse and remand for further proceedings. As noted above, we agree with claimant's fourth claim of error: that the ALJ failed to make the requisite inquiries and findings before concluding that claimant was not compliant with her prescribed treatment. We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand; the ALJ's failure to evaluate properly the treating physician's opinion undermines his

assessment of claimant's nonexertional limitations, and, therefore, the vocational expert's assessment of plaintiff's ability to return to her past relevant work.

We REVERSE the decision of the magistrate judge and REMAND the case to the district court with instructions to remand the case to the Commissioner for further proceedings in accordance with this decision.