**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DENNIS A. CHAVEZ,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 03-2298
(D.C. No. CIV-02-714-ACT)
(D. N.M.)

ORDER AND JUDGMENT *

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Dennis A. Chavez appeals the district court's order affirming the Commissioner's decision to deny his application for supplemental security income benefits. He alleged disability due to neck, back, hip and leg pain, headaches, and mental impairments, including major depression. At step five of the five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), an administrative law judge (ALJ) determined that Mr. Chavez could perform a limited range of light work that existed in significant numbers in the regional and national economies. Accordingly, the ALJ held that Mr. Chavez was not disabled within the meaning of the Social Security Act and was, therefore, not entitled to benefits. Mr. Chavez appealed to the district court, where a magistrate judge affirmed the denial of benefits. We have jurisdiction over his appeal to this court under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand for further proceedings.

On appeal, Mr. Chavez asserts that reversal is required because (1) the ALJ relied on incorrect information in concluding that Mr. Chavez could perform other work that existed in the regional and national economies, (2) the Appeals Council failed to consider relevant evidence submitted after the ALJ issued his decision but before the Appeals Council denied review, (3) the ALJ's credibility findings were not supported by substantial evidence, and (4) the ALJ erred in evaluating

Mr. Chavez' residual functional capacity (RFC). We hold that the first three arguments require a remand.

*Standards of Review*

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Threet v. Barnhart*, 353 F.3d 1185, 1189 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (further quotation omitted).

*Other Jobs Available in the National and Regional Economies*

The ALJ found that Mr. Chavez met his burden to prove his disability. At that point, the burden of going forward shifted to the Commissioner to establish that Mr. Chavez retained the capacity to perform alternative work activity and that the specific type of job he could do existed in the national or regional economy. *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992); 42 U.S.C. § 423(d)(2)(A). Relying on a vocational expert, the ALJ found that there were three jobs Mr. Chavez could perform. The Commissioner concedes, however, that two of those jobs as described by the vocational expert conflicted with the definitions in the Dictionary of Occupational Titles. Therefore, only the job of parking lot attendant was properly identified as suitable for Mr. Chavez. *See*

*Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (holding "ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability"). The VE testified that there were 49,957 of those jobs nationally, but only 199 in the region.

We must remand on this issue because the ALJ did not have an opportunity to evaluate whether the parking lot attendant job, standing alone, existed in significant numbers under the statute. *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004). "Thus, he did not give explicit consideration to the factors this court has recognized should guide the ALJ's commonsense judgment." *Id.*

In addition, "[t]his court has made it clear that judicial line-drawing in this context is inappropriate." *Id.* The question of whether the number of jobs available is significant is fact-specific and requires evaluation on an individual basis. *Id.* The resolution "should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Trimiar*, 966 F.2d at 1330 (quotation omitted). This rule is particularly appropriate where, as here and in *Allen*, the number of jobs available in the region is relatively small–199 here, 100 in *Allen*. *See Allen*, 357 F.3d at 1144. Accordingly, we decline the Commissioner's invitation to find harmless

error on the ground that the number of jobs is significant as a matter of law. *See Allen*, 357 F.3d at 1144-45 (refusing to hold as a matter of law that 100 jobs in region was numerically significant); *compare id.*, *with Trimiar*, 966 F.2d at 1330 (affirming ALJ's determination, based on appropriate factors, that 650 to 900 jobs in region was significant number).

Mr. Chavez also asserts that the training required for this job conflicted with the ALJ's finding that he could do jobs involving only one- and two-step processes. He argues that the parking lot attendant job's specific vocational preparation (SVP) level of two ("Anything beyond short demonstration up to and including 1 month"), Dictionary of Occupational Titles, App. C, ¶ II ( 4th ed. 1991), impermissibly conflicts with the one- and two-step processes identified for him. An SVP of two, however, is in the class of unskilled work, Social Security Ruling 00-4p, 2000 WL 1898704, at *3, which is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," 20 C.F.R. § 416.968(a). There is substantial evidence in the record to support the ALJ's conclusion that the parking lot attendant job's mental requirements were within Mr. Chavez' capabilities.

In sum, our remand on the issue of alternative work that Mr. Chavez could perform is limited to a determination of whether the number of jobs is sufficient to qualify as significant under the statute, § 423(d)(2)(A).

*Evidence Submitted to Appeals Council*

After the ALJ's decision, but before the Appeals Council denied review, Mr. Chavez submitted five reports from his treating psychiatrist, Dr. Leiby, to the Appeals Council. "[N]ew evidence submitted to the Appeals Council becomes a part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence. . . . If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Threet*, 353 F.3d at 1191 (quotation omitted). The Appeals Council is required to consider the evidence if it is new, material, and related to the period on or before the ALJ's decision. *Id.*

Here, as in *Threet*, the Appeals Council "simply stated, without any reference to the newly submitted materials, that 'there is no basis under the above regulations for granting your request for review.'" *Id.* at 1192 (quoting Appeals Council); R. Vol. II, at 7. Consequently, if the evidence Mr. Chavez submitted was new, timely, and material, a remand is required. *Threet*, 353 F.3d at 1191.

Dr. Leiby's reports qualify as new evidence because they were not duplicative or cumulative; they provided information not available to the ALJ at the time he made his decision. *See Threet*, 353 F.3d at 1191. The reports are dated between October 25, 2001 and January 31, 2002. The reports available to the ALJ were earlier than these new reports. Dr. Leiby opined that Mr. Chavez

-6-

was totally disabled, citing physical pain and major depression. *E.g.*, R. Vol. II, at 430-31. The evidence also qualifies as timely because two of the reports predate the ALJ's decision, and the others appear to pertain to that period. *See Threet*, 353 F.3d at 1191.

We turn to the materiality requirement. "Evidence is material to the determination of disability if there is a reasonable possibility that it would have changed the outcome." *Id.* (quotation omitted). The Commissioner asserts that the reports are not material because Dr. Leiby's opinion of disability was based on Mr. Chavez' claims of physical pain, which is not Dr. Leiby's specialty.

Whether Dr. Leiby's reports raise a reasonable possibility that they would have changed the outcome is a close question. The reports present the opinion of a treating psychiatrist, which cannot simply be ignored. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082-84 (10th Cir. 2004) (explaining how to analyze treating psychiatrist's opinion). On the other hand, the reports do not reveal that Dr. Leiby's opinions are based on "observed signs and symptoms or on psychological tests," either of which qualify as "specific medical findings" to support a psychological opinion. *Langley v. Barnhart*, 373 F.3d 1116, 1122 (10th Cir. 2004) (quotation omitted). We need not resolve whether Dr. Leiby's reports are material because the case must be remanded on other grounds. Therefore, we direct the ALJ to consider these reports on remand, and, if necessary, to obtain

supplementation from Dr. Leiby.  *See* 20 C.F.R. § 416.912(e)(1) (authorizing Commissioner to obtain additional information from treating source).

<em>Credibility</em>

The ALJ found that Mr. Chavez retained the RFC to perform a limited range of light work, after determining that his allegations of limitations caused by his back pain and depression were not supported by the medical evidence or were not credible to the extent alleged.  Mr. Chavez argues that in finding him not fully credible, the ALJ failed to consider all of the medical evidence, exaggerated the extent of his daily activities, and relied on reasons not supported by the record. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995) (quotation omitted).

Among the reasons the ALJ discounted Mr. Chavez' claim that he could not perform light work were that he refused to work at a desk job, he had a history of non-compliance with recommended treatment, including quitting the "DVR program" and refusing injections to his back, and he stopped psychiatric counseling after a few visits because his counselor left the organization.  In addition, the ALJ found that Mr. Chavez continued to work off and on all the time remodeling in Santa Fe, even after he injured his back.

The record does not support the ALJ's finding that Mr. Chavez continued to do remodeling work after he injured his back. The ALJ cited to a form Mr. Chavez filled out describing "any work performed within the past 15 years." R. Vol. II, at 222. Mr. Chavez stated that he did remodeling in Santa Rosa (not Santa Fe) "off & on all the time." *Id.* This reference cannot be interpreted to mean that Mr. Chavez did remodeling work all the time after his injury because the form clearly requested data about past work, and neither Mr. Chavez nor his physicians indicated that he had worked after he injured his back.[1] Moreover, the ALJ found that Mr. Chavez "ha[d] not engaged in substantial gainful activity since his alleged onset date." *Id.* at 19. The record also does not contain evidence about the "DVR program," or the circumstances under which Mr. Chavez refused to perform a desk job, except for a very brief reference in an examining psychiatrist's September 2000 report. *Id.* at 371. Therefore, because we cannot say that the ALJ would have made the same credibility determination if he had properly considered this evidence, we remand for additional findings.

*Evaluation of Residual Functional Capacity*

Finally, Mr. Chavez contends that the ALJ failed to evaluate properly his RFC because (1) he did not include in his hypothetical question to the VE

---

[1] The Commissioner's spurious claim on appeal that Mr. Chavez was hired to work at a KOA campground is improper; the record makes clear that Mr. Chavez was *not* hired because of his back pain. *See* R. Vol. II, at 44-45.

Mr. Chavez's limitation on standing and prolonged activity, so (2) placing Mr. Chavez' RFC in the category of "light" work was in error, and (3) the ALJ did not conduct a function-by-function analysis of Mr. Chavez' walking and sitting limitations.

Dr. Reeve stated that Mr. Chavez would "have difficulty with standing and/or performing activities for prolonged periods of time." R. Vol. II, at 356. The ALJ apparently incorporated these restrictions in a hypothetical question to the VE, but the audiotape of the hearing was inaudible at that point, so the full question is not contained in the record. *Id.* at 104. Nevertheless, it is clear that the ALJ incorporated the restrictions noted by Dr. Reeve in his hypothetical question, and that the restrictions did not change the jobs the VE had stated Mr. Chavez could do. *See id.* Moreover, although "light" work can require "a good deal of . . . standing," 20 C.F.R. § 416.967(b), the ALJ properly relied on the VE's testimony to determine that the jobs identified for Mr. Chavez did not require prolonged standing or activity.

Mr. Chavez next complains that the ALJ did not evaluate his ability to walk and sit in order to meet the requirements for light work. He points to evidence that he exhibited discomfort while sitting and that he walked with an antalgic (tending to alleviate pain) gait. "Disability requires more than mere inability to work without pain." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988)

(quotation omitted).  Although the evidence on which Mr. Chavez relies demonstrates that he suffered discomfort while walking and sitting, it does not undermine the ALJ's determination, based on substantial evidence in the record as a whole, that he retained the RFC to perform a limited range of light work.

*Conclusion*

The judgment of the district court is REVERSED, and this case is REMANDED to the district court with instructions to remand, in turn, to the Commissioner for further proceedings consistent with this order and judgment.


Entered for the Court


William J. Holloway, Jr.
Circuit Judge