**Sheila M. CRAIG, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security,\* Defendant–Appellee.**

No. 06–55213.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2007 \*\*.

Filed March 11, 2008.

Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff–Appellant.

Armand D. Roth, Esq., SSA—Social Security Administration, Office of the Gener-

---

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

al Counsel, San Francisco, CA, for Defendant–Appellee.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,\*\*\*\* District Judge.

### MEMORANDUM\*\*\*\*\*

Sheila M. Craig appeals the district court's judgment affirming the Commissioner of Social Security's denial of Craig's application for Supplemental Security Income. "We review the district court[']s decision *de novo* and therefore must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996).

The Commissioner's denial was based on the decision of an Administrative Law Judge ("ALJ"), who found that Craig's impairments—carpal-tunnel syndrome and back pain—were severe, but that they did not prevent her from working as a telemarketer. Craig argues that, in making those findings, the ALJ (1) deprived her of a fair hearing by "foreclosing" her testimony, (2) erroneously concluded that her subjective complaints of pain and the side effects of her medication were "only partially credible," and (3) erroneously relied on the testimony of a vocational expert that conflicted with the *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* ("SCO").

We agree with the second contention and, consequently, need not address the others. We remand for further proceedings.

In evaluating a claimant's subjective complaints of pain, an ALJ must consider the factors listed in SSR 88–13:

1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
4. Treatment, other than medication, for relief of pain;
5. Functional restrictions; and
6. The claimant's daily activities.

*See Smolen,* 80 F.3d at 1284. The ALJ may also consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," as well as "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid." *Id.* Where, as here, the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of particular symptoms, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281.

\*\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\*\*\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

The ALJ assessed Craig's allegations of pain as follows:

> The medical record does not support the claimant's assertions that she cannot work because of disabling pain and the side effects of her pain medication. No examining or treating source concluded that the claimant could not work. Indeed, Dr. Altman [a consulting examiner] concluded that the claimant could do work at the medium exertional level. Dr. Papa [a treating chiropractor], moreover, opined that she could not return to her fast food job because she could not lift 50 pounds, but that she could work elsewhere if given vocational rehabilitation.... The claimant notes that she treats herself with heating pads and hand braces.... She asserts that her pain medication makes her too drowsy to work, but this allegation is not mentioned in evidence. Indeed in her pain questionnaire, she stated that her pain medication produced no side effects.... She acknowledges that she drives, but she says that she cannot shop and clean her house.... In light of her conflicted statements and the absence of evidence supporting her allegations of disability, I find that the claimant [is] only partially credible.

We conclude that this assessment does not satisfy the *Smolen* standard.

First, the ALJ erred in relying on the lack of medical evidence regarding the severity of Craig's pain. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

Second, the opinion evidence cited by the ALJ is not inconsistent with Craig's testimony. Dr. Altman's opinion, which was significantly more optimistic than those of the other physicians who examined Craig, was based on an examination that took place one day after Craig had received a round of palliative epidural injections. Dr. Papa's opinion was explicitly conditioned on Craig's obtaining vocational rehabilitation, which she never received because her claim for worker's compensation was denied. Moreover, elsewhere in her decision, the ALJ rejected Dr. Papa's opinion regarding Craig's ability to sit and stand, in part because chiropractors are not acceptable medical sources under the Commissioner's regulations; the ALJ offered no reason why Papa's opinion was persuasive in one regard, but not the other. *Cf., e.g., Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir.2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."); *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir.1984) ("[T]he Secretary's attempt to use only the portions [of a report] favorable to her position, while ignoring other parts, is improper.").

Finally, we disagree with the ALJ's conclusion that Craig's testimony is internally inconsistent. Although Craig testified that she used heating pads and hand braces, there is no evidence regarding the efficacy of those treatments or whether their use would interfere with Craig's ability to perform work-related tasks. The record further reflects that Craig's driving is limited to a maximum of 30 minutes twice a week for doctor visits, and that Craig must sometimes rely on family members to drive her. Craig's failure to mention side effects on her pain questionnaire is easily explained by the fact that Craig began taking additional medications after completing the questionnaire; the ALJ made no attempt to evaluate the side effects of the new medications.

Overall, we find the ALJ's reasons for deeming Craig's testimony "only partially credible" unconvincing. We therefore remand for a reassessment of Craig's credibility; we do not remand solely for a calculation of benefits because the record does not convince us that the ALJ was required to accept Craig's assertion that pain and the side effects of her medication prevented her from doing any work at all. *Cf. Smolen,* 80 F.3d at 1292 ("In the past, we have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.").

Because the ALJ's faulty assessment of Craig's credibility requires remand, we need not address her remaining arguments. However, we call the Commissioner's attention to our recent observation that SSR 00–4p "explicitly requir[es] that the ALJ determine whether [a vocational] expert's testimony deviates from the *Dictionary of Occupational Titles* ["DOT"] and whether there is a reasonable explanation for any deviation." *Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir.2007).[1] Further, we trust that, on remand, the ALJ will afford Craig a full and fair opportunity to testify if she chooses to do so.

**REVERSED and REMANDED.**

---

1. The SCO supplements the DOT and, as such, is subject to the same rules governing use of the DOT. *See Terry v. Sullivan,* 903 F.2d 1273, 1276 (9th Cir.1990) ("The Secretary routinely relies on [both the DOT and the SCO] in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy.").

