**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROGER MARSHALL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 08-1189
(D.C. No. 1:07-CV-00331-EWN)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Roger Marshall appeals the district court's affirmance of the Social

Security Commissioner's denial of disability insurance and supplemental security

income (SSI) benefits. His sole argument is that the Administrative Law Judge

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(ALJ) failed to apply proper legal standards in dismissing the opinion of his treating physician. We affirm.

In his applications for disability and SSI benefits, Mr. Marshall alleged disability beginning January 27, 2002, due to diabetes mellitus with neuropathy in his hands and feet, knee pain, residual effects from a May 2003 stroke, high blood pressure, coronary artery disease, headaches, and depression. His applications were denied initially and on rehearing. Following an evidentiary hearing, the ALJ issued a decision, applying the five-step sequential evaluation process for determining whether a claimant is disabled and concluded that Mr. Marshall is not disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (setting out five-step process). The ALJ found that Mr. Marshall "has the following severe combination of impairments: diabetes mellitus with diabetic neuropathy; mild joint space narrowing medially, right knee; late-effects of cerebrovascular accident; 2-vessel coronary artery disease (status post successful PCI of the proximal circumflex lesion with pre-dilation and implantation of a drug-eluding stent); and depression." Aplt. App., Vol. I at 20. In assessing Mr. Marshall's ability to work, the ALJ determined that although Mr. Marshall was not entirely credible concerning the intensity, duration, and limiting effects of his medically determinable impairments, he cannot perform his past work as a truck driver or forklift operator. But, based on his age of fifty-seven at the alleged onset date, his high school education, and his residual functional capacity, the ALJ concluded

that Mr. Marshall could perform certain jobs, such as a grocery bagger or dishwasher, which exist in significant numbers in the national economy.

After the Appeals Council denied Mr. Marshall's request for review, the ALJ's decision became the final decision of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Mr. Marshall appealed to the district court, and that court upheld the Commissioner's denial of benefits. Mr. Marshall then appealed to us.

"We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in the record viewed as a whole and whether he applied the correct legal standards." *Frantz v. Astrue*, 509 F.3d 1299, 1300 (10th Cir. 2007) (alterations and quotation omitted). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (quotation omitted).

Mr. Marshall argues that the ALJ failed to articulate the weight given to the opinion of Dr. Jackie McCollum, his treating doctor, thereby precluding a meaningful review of the ALJ's determination. Also, he argues that the ALJ did not apply the proper legal standards when assessing and rejecting Dr. McCollum's opinion, requiring a reviewing court either to reweigh the evidence or speculate regarding the ALJ's reasons for giving no weight to Dr. McCollum's opinion.

Mr. Marshall's argument focuses on a November 3, 2003, letter written by Dr. McCollum after the agency initially denied benefits. In the letter, she wrote that she hoped the agency would reconsider its decision, noting Mr. Marshall's "longstanding history of diabetes mellitus, which is complicated by a peripheral neuropathy," and his problems with balance and short-term memory following his stroke. Aplt. App., Vol. I at 237. She stated that his diabetic problems preclude him from employment as a truck driver, his balance problems preclude him from performing physically taxing jobs, and his memory difficulties would make it problematic for him to learn a new job.

> The ALJ rejected Dr. McCollum's opinion:[1]
>
> Jackie McCollum, a medical doctor . . . states the claimant is unable to pass his drivers license test because of his health issue. She also refers to the claimant's reported complaints of balance issues and short term memory loss. This opinion is vague and not consistent with the record. For example, the claimant alleges both physical and mental residuals to his stroke. However, his upper extremity strength was measured as equal and within normal limits soon after the stroke; so, too, was his lower extremity strength. His gait has been normal at almost all examinations, thereby eroding any credible allegation of imbalance. Moreover, the claimant has alleged memory problems but psychological testing reveals low-average memory.

*Id.* at 24.

---

[1]    Although the ALJ determined that Mr. Marshall could not perform his past work, he made that determination based on the testimony of the vocational expert, not based on Dr. McCollum's opinion. Thus, we agree with Mr. Marshall that the ALJ rejected entirely Dr. McCollum's opinion.

The standards an ALJ must follow when analyzing a treating doctor's opinion are settled. The ALJ first considers "whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). If so, the ALJ must give the opinion controlling weight. *Id.* But if the ALJ decides "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* Relevant factors the ALJ may consider are set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d). These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation omitted).

We first consider whether the ALJ properly analyzed Dr. McCollum's opinion to determine if it was entitled to controlling weight. As indicated above, there are two components to the analysis: (1) "whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) whether the opinion "is consistent with the other substantial evidence in

the record." *Pisciotta*, 500 F.3d at 1077.  The ALJ did not discuss whether

Dr. McCollum's opinion was "supported by medically acceptable clinical and

laboratory diagnostic techniques."[2]  *Id.*  Instead, he considered only the opinion's

consistency with the other record evidence, albeit without expressly stating that

he was analyzing to determine whether the opinion was entitled to controlling

weight.  But the ALJ did state that he had considered the medical opinion

---

[2]     It can be argued that the ALJ's determination that Dr. McCollum's opinion is "vague" addresses whether her opinion is based on medically acceptable clinical or laboratory diagnostic techniques.  As the district court noted, Dr. McCollum's treatment records end more than a year before Mr. Marshall's stroke and there is no indication in the letter of the basis for her conclusion that he was experiencing balance or memory problems due to the stroke.  Thus, it appears from the record that she wrote the letter even though she had not seen him for eighteen months and had not treated him for problems due to his stroke.

    Additionally, Dr. McCollum's letter did not contain an assessment of the nature or severity of Mr. Marshall's physical limitations or any information about what type of activities he could perform.  *See Cowan*, 552 F.3d at 1189 (citing 20 C.F.R. § 404.1527(a)(2)); *see also Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) ("A treating physician's opinion may be rejected if his conclusions are not supported by specific findings.").  Even Mr. Marshall admits that "Dr. McCollum's statement is not entirely clear as to Mr. Marshall's limitations."  Aplt. Br. at 12. Thus, the ALJ appropriately characterized Dr. McCollum's unsupported assessment as vague.

    Although the ALJ should have addressed the first component of the controlling-weight test, the ALJ's deficiency in articulating his reasoning is harmless in light of the fact that no reasonable factfinder could conclude that Dr. McCollum's opinion was supported by medically acceptable clinical and laboratory diagnostic techniques. *Cf. Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34, 735 (10th Cir. 2005) (deciding that harmless error analysis applied when ALJ failed to properly consider medical record at step three but no reasonable factfinder would conclude that claimant qualified for benefits under step three).

evidence in accordance with the regulations and applicable Social Security Rulings that discuss the weight to give a treating doctor's opinion. *See* Aplt. App., Vol. I at 22 (citing 20 C.F.R. §§ 404.1527, 416.927; SSR 96-2p, 1996 WL 374188; SSR 96-5p, 1996 WL 374183; SSR 96-6p, 1996 WL 374180). And we have no reason not to take the ALJ at his word. Thus, the ALJ's failure to discuss the first component is not an indication that he failed to apply proper legal standards, as both components must be met in order for the opinion to have controlling weight. *See* SSR 96-2p, 1996 WL 374188, at \*2 (stating that controlling weight cannot be given to an opinion that is not well-supported *or* is not consistent with other substantial evidence). We will not require the ALJ to discuss both components if one was not met.

The ALJ found that Dr. McCollum's opinion concerning Mr. Marshall's balance and memory difficulties was not consistent with the other evidence in the record. We agree. Records from Mr. Marshall's hospitalization for a stroke indicate that his coordination was improved upon discharge. He had a normal gait within a month of the stroke. After the first report of a normal gait, his physical therapy continued because he kept progressing in endurance, strength, and balance. Right after the stroke, his grip strength was equal. In February 2004, his arm and leg strength were equal and strong. In March 2004, his range of motion, muscle strength, and circulation were intact bilaterally 4/5. Further,

Mr. Marshall testified at the ALJ's hearing that his only residual physical problem from the stroke is a slight limp occasionally when he gets fatigued.

On September 29, 2003, Brett Valette, Ph.D., a psychological consultant, conducted memory testing and reported that Mr. Marshall had no significant memory difficulties, average to low-average memory, and no signs of memory impairment. Dr. Vallette did think that Mr. Marshall was having some memory difficulties due to normal aging and his "overwhelm" and depression. Aplt. App., Vol. I at 209. In January 2004, Mr. Marshall stated that he was nearly totally recovered from the stroke, with only occasional short-term memory lapses. In September 2005, a social worker reported emotional and mild physical symptoms from the stroke. Based on the record's inconsistency with Dr. McCollum's opinion, we conclude that the ALJ properly declined to give controlling weight to Dr. McCollum's opinion.

Next, we consider whether the ALJ applied proper legal standards in rejecting entirely Dr. McCollum's opinion. "When an ALJ rejects a treating physician's opinion, he must articulate specific, legitimate reasons for his decision." *Cowan*, 552 F.3d at 1188 (quotation omitted). Mr. Marshall contends that the ALJ failed to discuss all of the relevant factors when considering what weight to give the doctor's opinion, *see* 20 C.F.R. §§ 404.1527(d), 416.927(d); *Watkins*, 350 F.3d at 1301, and instead focused only on the consistency between the opinion and the entire medical record.

Although the ALJ's discussion could and should have been more thorough, we conclude that he stated adequate reasons for rejecting Dr. McCollum's opinion. *See* SSR 96-2p, 1996 WL 374188, at *5 (requiring ALJ to be "sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinion and the reasons for that weight"). The ALJ's failure to discuss each factor does not prevent us from conducting a meaningful review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (declining to require ALJ to apply and make specific findings concerning all six factors). As discussed above, Dr. McCollum's decision lacked consistency with the record as a whole. Furthermore, because her opinion is "brief, conclusory, and unsupported by medical evidence," we conclude the ALJ did not err in rejecting it. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Mr. Marshall contends that his case is analogous to *Robinson v. Barnhart*, 366 F.3d 1078, 1081 (10th Cir. 2004) (per curiam), where the ALJ called the treating physician's opinion "vague and conclusive." We remanded for further proceedings in *Robinson*, because the ALJ did not explain why he found the opinion to be "vague and conclusive." *Id.* at 1082-83. *Robinson*, however, is distinguishable, because, unlike here, the ALJ in *Robinson* gave no reasons for rejecting the treating physician's opinion. The ALJ in this case gave a sufficient reason–inconsistent medical evidence–for rejecting Dr. McCollum's opinion.

Also, unlike in *Robinson*, we can conclude that the ALJ applied the correct legal

standards.  *See id.* at 1083.

     The judgment of the district court is AFFIRMED.


                         Entered for the Court


                         Stephen H. Anderson
                         Circuit Judge