FILED
United States Court of Appeals
Tenth Circuit

June 26, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AMANDA LARKINS, on behalf of
M.D., a minor child,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 13-1232
(D.C. No. 1:12-CV-01065-REB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Amanda Larkins, representing her minor child, M.D., appeals from the district

court's affirmance of the Commissioner's denial of Supplemental Security Income

Benefits based on childhood disability. Ms. Larkins argues that the Administrative

Law Judge (ALJ) improperly discredited the opinions of M.D.'s treating psychiatrist,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

gave undue weight to the opinion of the non-examining State agency reviewing psychologist, and did not assess the credibility of herself or M.D. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we reverse the district court's decision and remand to that court with instructions to remand to the Commissioner for further proceedings.

I. Background

The ALJ denied benefits to M.D., an eight year old, at step three of the three-step sequential evaluation process for determining whether a child is disabled with the meaning of 42 U.S.C. § 1382c(a)(3)(C). *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (describing three-step process); *see also* 20 C.F.R. § 416.924 (same). At step one, the ALJ found that M.D. had not engaged in substantial gainful activity since her alleged disability onset date of August 21, 2009. At step two, she found that M.D. had the severe impairments of post-traumatic stress disorder and a phonological disorder. But, the ALJ decided at step three that those impairments did not meet, medically equal, or functionally equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, and, with respect to functional equality, that M.D. did not have marked limitations in two domains or extreme limitations in one domain.[1] The Appeals Council declined to

---

[1] A child's functioning is assessed by looking at six separate domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. 20 C.F.R.

(continued)

review the ALJ's decision, making it the agency's final decision. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). On judicial review, the district court affirmed the denial of benefits. This appeal followed.

II. Analysis

A. Standard of Review

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). We do "not reweigh the evidence or substitute our judgment for the Commissioner's." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Also, an ALJ's failure "to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

B. Treating Psychiatrist's Opinion

Ms. Larkins argues that the ALJ improperly discounted the opinion of Dr. Sara Crowner, M.D.'s treating psychiatrist, that M.D. had extreme impairments in three domains—attending and completing tasks, interacting and relating with others, and caring for herself. More specifically, Ms. Larkins contends that the ALJ neither

§ 416.926a(b)(1)(i)-(vi). To functionally equal a listing, the child must have marked limitations in at least two of the six domains or an extreme limitation in at least one. *Id*. § 416.926a(a).

- 3 -

assessed whether Dr. Crowner's opinion should be given controlling weight nor explained the weight, if any, actually given to her opinion.

An ALJ has a duty to evaluate all medical opinions in the record and to assign weight to each opinion and to discuss the weight given to the opinion. *See* 20 C.F.R. §§ 416.927(c), 416.927(e)(2)(ii); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). A treating physician's opinion is generally entitled to controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). If, however, the ALJ decides "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id*. Relevant factors the ALJ may consider include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (internal quotation marks omitted).

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons for the weight assigned to a treating physician's opinion." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (ellipsis omitted) (internal quotation

- 4 -

marks omitted); *see* 20 C.F.R. § 416.927(c)(2).  The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight."  *Langley*, 373 F.3d at 1119 (internal quotation marks omitted).  "If the ALJ rejects the opinion completely, [s]he must then give specific, legitimate reasons for doing so."  *Id*. (brackets omitted) (internal quotation marks omitted).  And if an ALJ fails to explain how she assessed the weight of the treating physician's opinion, a court cannot presume she actually applied the correct legal standards when considering the opinion.  *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (per curiam).

Although the ALJ recognized that Dr. Crowner was M.D.'s treating psychiatrist, the ALJ gave greater weight to the conclusions of the State agency reviewing psychologist, Douglas Hanze, Ph.D.  The ALJ explained only that Dr. Crowner provided no narrative to support her conclusions that M.D. had extreme difficulty in attending and completing tasks and in interacting with others.

Evaluating the ALJ's decision "based solely on the reasons stated in the decision," *id*. at 1084, we can conclude that the ALJ did not give controlling weight to Dr. Crowner's opinion.  But we do not know why.  Furthermore, the ALJ "failed to articulate the weight, if any, [she] gave [Dr. Crowner's] opinion, and [she] failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether."  *Watkins*, 350 F.3d at 1301.

Without ALJ findings supported by specific weighing of the evidence, we cannot determine whether the ALJ's decision is supported by substantial evidence or whether she applied correct legal standards in denying benefits. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). We will not presume the ALJ applied the correct legal standards. *See Watkins*, 350 F.3d at 1301. Therefore we remand for further proceedings complying with the correct legal standards. *See id.* (remanding because court could not "meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion"). Upon remand, the ALJ should assess the weight to give Dr. Crowner's opinion after giving full consideration to the medical evidence, including Dr. Crowner's treatment records.[2]

C. State Agency Reviewing Psychologist's Opinion

Ms. Larkins' second argument is related to her first. She argues that the ALJ gave too much weight to Dr. Hanze's opinion, because he did not review all of the relevant medical and educational records and did not examine M.D. Typically, the opinion of a treating physician is "given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant." *Robinson*, 366 F.3d at 1084 (internal quotation marks omitted). "[A]n

---

[2] Ms. Larkins contends that before rejecting Dr. Crowner's opinion for a lack of explanation, the ALJ should have re-contacted Dr. Crowner to clarify the basis for her opinion. In light of our decision to remand for further proceedings, we need not address this contention.

agency physician who has never seen the claimant is entitled to the least weight of all." *Id.* But the opinion of a State agency psychologist

> may be entitled to greater weight than a treating source's medical opinion if the State agency . . . psychological consultant's opinion is based on a review of a *complete* case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

SSR 96-6P, 1996 WL 374180, at *3 (emphasis added).

The ALJ gave greater weight to Dr. Hanze's opinion than to Dr. Crowner's opinion because Dr. Hanze's opinion was based on questionnaires and observations of M.D.'s first grade teachers, speech and language assessments, and mental health diagnoses. But, as the ALJ recognized, Dr. Hanze did not review all relevant evidence. He did not consider assessments by M.D.'s second grade teachers, therapy notes, or reports or treatment notes from Dr. Crowner made in the year or so after Dr. Hanze gave his opinion. Because we remand for the ALJ to properly weigh Dr. Crowner's opinion, we also direct the ALJ to determine the weight to give Dr. Hanze's opinion after properly assessing Dr. Crowner's opinion.

D. Credibility

In her final argument, Ms. Larkins contends that the ALJ failed to assess the credibility of the testimony of M.D. or herself.[3] We agree. After summarizing the

---

[3] When the child is unable to adequately describe her symptoms, the regulations permit testimony by a parent concerning the child's symptoms. *See* 20 C.F.R. § 416.928(a). "In such a case, the ALJ must make specific findings concerning the

(continued)

testimony of Ms. Larkins and M.D., the ALJ found that "the testimony indicates [M.D.] might meet the disability requirements because she is delayed in her schooling, she receives extra assistance in the school setting and can be distractible, she has behavioral difficulties at home and at school, she sleeps poorly, and she requires frequent psychological treatment and medications." Admin. R., Vol. I at 13-14. But the ALJ stated nothing further about the credibility of either M.D.'s or Ms. Larkins' testimony, and she made no actual credibility findings. Thus, the ALJ did not "closely and affirmatively" link her credibility findings to substantial evidence. *Hackett*, 395 F.3d at 1173 (internal quotation marks omitted). If she determined the testimony was not credible, it was her duty to explain how she arrived at her conclusion. *See Briggs*, 248 F.3d at 1239. Because the ALJ did not properly assess credibility, we must remand for a proper analysis.

III. Conclusion

We reverse the judgment of the district court and remand with instructions to remand to the Commissioner for further proceedings in compliance with proper legal standards.

Entered for the Court

John C. Porfilio
Circuit Judge

credibility of the parent's testimony, just as he would if the child were testifying." *Briggs*, 248 F.3d at 1239.