FILED
United States Court of Appeals
Tenth Circuit

November 3, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KAREN L. KORUM,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

  Defendant-Appellee.

No. 09-1111
(D.C. No. 1:08-CV-00926-ZLW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

Karen L. Korum appeals the district court's order affirming the

Commissioner's denial of her application for a period of disability and disability

insurance benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g). Because the Commissioner's decision is supported by substantial

evidence and demonstrates no reversible legal error, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

In February 2002, Ms. Korum filed her application for benefits, alleging disability since September 8, 2000, due to multiple impairments including chronic pain in her lower back and coccyx (tailbone). The Appeals Council remanded the ALJ's denial of her application, directing the ALJ to obtain additional evidence, to consider further the medical opinions, to determine whether Ms. Korum has a severe mental impairment, and to consider further her residual functional capacity (RFC). Issuing a second decision, the ALJ again denied benefits. When the case reached the district court, however, the Commissioner filed an unopposed motion to remand for further proceedings. The district court granted the motion, so Ms. Korum's application was remanded to the Appeals Council, and in turn to a different ALJ, for a third determination.

After holding another hearing, the new ALJ applied the five-step benefits determination process. *See generally Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). At step one, he found that Ms. Korum had not engaged in substantial gainful activity between her onset date and December 31, 2006, her date last insured. At step two, he determined that she had several severe impairments (mild arthritis of the lumbar spine, mild arthritis of the sacroiliac joints vs. sacroiliac joint dysfunction, coccydynia, pyriformis syndrome, lumbar myofascial pain syndrome, and a pain disorder). At step three, he found that none of the impairments or a combination of impairments met or equaled any of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then assessed Ms. Korum's RFC, and, at step four, determined that she could not perform her past relevant work as an order clerk. Concluding that her RFC allowed her to perform a limited range of light work and that she could perform a significant number of jobs in the national economy, the ALJ found her not disabled at step five and denied her application for benefits. The Appeals Council denied review, making the ALJ's decision the final agency decision. The district court affirmed, and Ms. Korum now appeals to this court.

*Analysis*

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). "Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). Ms. Korum's date last insured was December 31, 2006, so she had to be disabled on or before that date to obtain disability benefits.

*The ALJ Did Not Reversibly Err at Step Two*

Ms. Korum first argues that the ALJ erred at step two by failing to assess some of her impairments as severe and failing to take into consideration all her impairments, singly or in combination. She contends that (1) she was diagnosed with thoracic outlet syndrome and/or brachial plexus compression that restricted her ability to use her right upper extremity, (2) the ALJ failed to consider her diagnosed mental impairments, and (3) the ALJ ignored the combined effect of other impairments that he did not find to be severe.

This court has held that it is not necessarily reversible error for an ALJ to fail to assess an impairment as "severe" at step two. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."); *Oldham v. Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007) ("We can easily dispose of . . . arguments[] which relate to the severity of [claimant's] impairments. The ALJ . . . made an explicit finding that [claimant] suffered from severe impairments. That was all the ALJ was required to do in that regard. [Claimant's] real complaint is with how the ALJ ruled at step five."). To the extent that some of the arguments in this section really dispute the ALJ's RFC assessment, we address them below in connection with Ms. Korum's third argument, which specifically challenges the RFC determination.

*The ALJ Did Not Err in Weighing the Medical Opinions*

Ms. Korum next argues that the ALJ did not properly weigh the medical opinions in the record. First, she complains that the decision is not sufficiently specific enough to permit this court to review the weight given to the opinions of her treating physician Dr. Higgins, *see Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), and that the ALJ gave contradictory explanations about the weight he gave to Dr. Higgins's opinion.

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Id.* (quotation omitted). We conclude that the ALJ met this standard. He explained that the opinions he chose to reject were "not well supported by acceptable clinical and laboratory findings," that "Dr. Higgins' observations [were] vague," that they were not consistent with the record as a whole, and that they were "disproportionate to the objective evidence" and to the doctor's own findings. Admin. R. at 326-27. The fact that the ALJ gave no weight to Dr. Higgins' earlier opinions but partial weight to some of his later opinions does not result in an impermissible contradiction, given that the ALJ explained the reasons for his determination. Finally, it was not reversible error for the ALJ to discount Dr. Higgins' opinions that Ms. Korum was unable to work full-time and unable to work at a customer service position. Not only were those findings not supported by acceptable clinical and laboratory

-5-

findings, but also they infringed upon issues reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e) ("Opinions on some issues . . . are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case[.]"); *id.* § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).

Second, Ms. Korum complains that ALJ improperly picked and chose those portions of the medical opinions that favored a finding of no disability while ignoring the portions that favored disability. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (per curiam) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."). But the ALJ's failure specifically to discuss the pieces of evidence Ms. Korum identifies is not reversible error.

> The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.

*Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted). The eight single-spaced pages devoted to discussing Ms. Korum's impairments, the various medical opinions, and the reasons for the ALJ's RFC assessment

demonstrate that the ALJ adequately considered the evidence. The evidence that the ALJ did not mention was not of such quality as to require discussion under *Clifton*.

### *The ALJ Did Not Err in Assessing Ms. Korum's RFC*

For her third argument, Ms. Korum contends that the ALJ failed to properly determine her RFC because he did not consider several of her diagnosed impairments and restrictions or the combined effect of all her impairments. Specifically, Ms. Korum argues that the ALJ did not take account of thoracic outlet syndrome and/or brachial plexus compression, which restricted her to lifting no more than five pounds with her right upper extremity; her psychological impairments of major depression, pain disorder with physical and psychological features, somatoform disorder, and personality disorder; and a learning impairment diagnosed by Dr. Neufeld. She also contends that the ALJ ignored the combined effect of her other assessed impairments (scoliosis, sciatica, a sleep disorder causing fatigue and drowsiness, urinary incontinence, and headaches). Further, she argues that the ALJ did not take account of her limitation to only part-time work, the pain medications she would have to take to be able to work, and the side effects from such medications.

Our review indicates that the ALJ properly took account of the conditions and restrictions that were supported in the record. The ALJ adequately addressed, and gave sufficient reasons for rejecting, many of the impairments and

restrictions that Ms. Korum identifies. Also, the ALJ included some of the identified restrictions and impairments in the RFC and/or hypothetical questions to the vocational expert (VE). For example, he included a learning disability in a hypothetical, and limited her to unskilled work in her RFC due to her preoccupation with her pain. The RFC also included moderate limitations in interacting with coworkers, in responding appropriately to usual work situations and changes in routine work settings, and in her ability to make judgments on simple, work-related decisions. Such restrictions are consistent with the opinions of the medical practitioners who identified the mental impairments to which Ms. Korum points.

Ms. Korum also challenges the ALJ's findings of symptom magnification, arguing that the ALJ erred by relying on certain medical opinions because those opinions were based, at least in part, on Waddell signs. (Waddell signs are physical signs grouped into categories which apparently have been used to help clinicians determine whether a patient is malingering or whether chronic pain complaints may be of psychological origin.) Ms. Korum's Waddell signs argument is difficult to follow, but it appears to rest on the premise that the ALJ should have determined that the medical opinions were not valid because Waddell signs are difficult to interpret and are not reliable. Essentially, then, Ms. Korum requests that the ALJ substitute his own medical opinion for that of a physician, which an ALJ cannot do. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir.

2004).  Further, Ms. Korum asserts that the ALJ failed to resolve the conflict between his finding of symptom magnification and medical opinions that she was not malingering.  But the ALJ's determination was supported by substantial evidence in the record, and we do not reweigh the evidence.  *See Wall*, 561 F.3d at 1069.

*The Commissioner Satisfied His Step-Five Burden*

Finally, Ms. Korum argues that the Commissioner did not satisfy his burden at step five of the analysis, because the ALJ's hypotheticals to the VE did not "relate with precision" all of Ms. Korum's impairments.  *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted).  She argues that the hypothetical failed to include her pain, limitations in the use of her right upper extremity, the drowsiness she feels from pain medications, and her intellectual limitations.[1]

This court has held that a hypothetical question to the VE "must reflect with precision all of [the claimant's] impairments, but [it] need only reflect impairments and limitations that are borne out by the evidentiary record."  *Decker*

---

[1]     Ms. Korum also asserts that she argued before the district court that "the [ALJ's] hypothetical failed to include 13 specific impairments borne out by the record, incorporated herein."  Aplt. Br. at 17.  "This court is under no obligation to consider arguments not fully set forth in a party's appellate brief, including arguments incorporated by reference to prior pleadings or other materials."  *Concrete Works of Colo, Inc. v. City and County of Denver*, 321 F.3d 950, 979 n.14 (10th Cir. 2003).  Accordingly, we consider only those impairments Ms. Korum's appellate brief specifically identifies.

*v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (citation omitted); *see also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995) (stating that the ALJ's hypothetical questions "must include all (and only) those impairments borne out by the evidentiary record").

Our review of the record indicates that the ALJ's question adequately included the limitations that he found were supported by the record. To the extent that the hypothetical omitted any explicit mention of Ms. Korum's pain and drowsiness from pain medications, "[t]he fact that the vocational expert was present and heard testimony concluding [the claimant's] alleged impairments suggests that the effect of the error, if any, in the administrative law judge's (ALJ) hypothetical, was minimal." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Thus, the VE's testimony provided substantial evidence to support the ALJ's step-five determination.

### *Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge