**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NORMA E. TIETJEN,

      Plaintiff–Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant–Appellee.

No. 12-5163
(D.C. No. 4:11-CV-00182-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Norma E. Tietjen appeals from a magistrate judge's order upholding the

Commissioner's denial of her application for Supplemental Security Income ("SSI")

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-
appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

benefits.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

**I**

Tietjen filed for SSI benefits in 2007.  The administrative law judge ("ALJ") denied benefits at step five of the sequential evaluation process.  See Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (describing five-step process).

The ALJ found at steps one through three that Tietjen has severe impairments of right shoulder pain, fibromyalgia, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder.  Nonetheless, he concluded that her impairments, singly or in combination, do not meet the criteria to be considered presumptively disabled.

The ALJ determined that Tietjen has the residual functional capacity ("RFC") to perform sedentary work, finding that she can understand, remember, and carry out non-complex work instructions and make non-complex work-related decisions; can interact appropriately with co-workers and supervisors in at least a superficial manner; and can be expected to adapt to most routine work-related changes. However, the ALJ concluded that she is moderately limited in her ability to understand and remember detailed instructions, carry out detailed instructions, and accept instructions and respond appropriately to criticism from supervisors. Furthermore, he found that she is markedly limited in her ability to interact with the public.  Given this RFC, the ALJ concluded at step four that Tietjen is unable to

return to any of her past work.  However, he found at step five that she can perform work that is available in significant numbers in the national economy, identifying the positions of sedentary, unskilled assembly worker or sedentary machine operator. Thus, the ALJ ruled that Tietjen is not disabled.  The Appeals Council denied review, and a magistrate judge, presiding pursuant to 28 U.S.C. § 636(c)(1), affirmed the Commissioner's decision.

## II

On appeal, Tietjen contends the ALJ failed to correctly evaluate the medical source evidence and failed to perform a proper step-five evaluation.  "We review the Commissioner's decision to determine whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  Wilson, 602 F.3d at 1140.  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quotation omitted).

## A

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004) (citation omitted).  Generally the opinion of a treating physician is given more weight than that of an examining consultant, and the opinion of a non-examining consultant is given the least weight.  Robinson v. Barnhart, 366

F.3d 1078, 1084 (10th Cir. 2004). A treating physician's opinion must be given controlling weight if it "is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." Hamlin, 365 F.3d at 1215.

Tietjen alleges that the ALJ failed to properly evaluate the medical report of Dr. Trinidad, D.O., who examined her in connection with her workers' compensation claim and concluded that she was unable to perform any work-related activity because of her shoulder injury. Tietjen asserts the ALJ "did not definitively determine Dr. Trinidad's status" and failed to mention "controlling weight." Both arguments fail. The ALJ twice described Dr. Trinidad as one of Tietjen's treating physicians who expressed an opinion as to her shoulder injury. The ALJ also gave specific reasons for not giving Dr. Trinidad's opinion controlling weight. The ALJ noted that two of Tietjen's treating physicians, Drs. Snider and Nonweiler, provided complete medical records, including x-rays and MRIs, and found that her shoulder injury was not disabling. In contrast, Dr. Trinidad did not supply objective evidence to support his finding that Tietjen was unable to do any work. The ALJ explained that he gave "little weight" to Dr. Trinidad's report for this reason, and also because he did not provide any longitudinal medical record and his findings deviated substantially from those of Drs. Snider and Nonweiler, whose opinions the ALJ gave "great weight." The ALJ properly evaluated Dr. Trinidad's opinion and gave good reasons for the weight he assigned that opinion.

Tietjen argues that the ALJ improperly rejected Dr. Trinidad's opinion based on a speculative remark in his decision that Dr. Trinidad might have been assisting a patient with whom he sympathized. We have held that an ALJ may not simply reject a treating physician's opinion based on "his or her own credibility judgments, speculation or lay opinion." Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004) (quotation and emphasis omitted). In this case, the ALJ did not reject Dr. Trinidad's opinion, but discounted it. Moreover, he did so based on record evidence that Dr. Trinidad's opinion was not supported by any objective evidence and was inconsistent with other substantial evidence in the record from treating physicians. The ALJ did not err in giving Dr. Trinidad's opinion less than controlling weight.

Tietjen also claims that the ALJ failed to properly evaluate the mental evaluation of Lori McGraw, a licensed professional counselor. McGraw reported that Tietjen had severe or marked limitations in eleven of sixteen mental functions. Tietjen argues that the ALJ erred in giving more weight to the state consultative physicians, Drs. Craig and Smith, than to McGraw. But McGraw was not an acceptable medical source. See 20 C.F.R. § 416.913(a). The ALJ appropriately evaluated McGraw's report as "other" medical evidence that could be used to show the severity of her impairments, 20 C.F.R. § 416.913(d)(1), but had no obligation to give her assessment the same weight as a "medical opinion," 20 C.F.R. § 416.927(a)(2).

Contrary to Tietjen's assertion, the ALJ did not fail to weigh McGraw's assessment of her mental limitations. Rather, the ALJ assigned "little weight" to her report because it gave no information about when or how often McGraw saw or treated Tietjen, or even if McGraw treated her as a patient, and it gave no indication that there was any factual basis for her opinion. We find no error in the ALJ's consideration of McGraw's report.

Tietjen further contends that the ALJ's evaluation of her mental functioning does not accurately reflect the report of Dr. Craig, an agency consulting psychologist, who described her as "severely impaired" with respect to socially interacting with co-workers or the public. Dr. Smith, a state agency reviewing psychologist, prepared a psychiatric review technique ("PRT") form in which she reviewed the medical evidence and described Tietjen, in relevant part, as able "to interact appropriately with coworkers and supervisors in at least a superficial manner." We concur with the magistrate judge's analysis and conclusion that the ALJ's RFC determination that Tietjen is "markedly impaired" in her ability to interact with the public and could interact with co-workers only in a superficial manner is consistent with the reports of Drs. Craig and Smith.

Tietjen argues the ALJ failed to explain alleged discrepancies between his mental impairment evaluation and that of Dr. Smith's. The magistrate judge ruled that this issue was waived because Tietjen's argument consisted solely of an unspecific, undeveloped, and unsupported single sentence that the ALJ's PRT

findings were discordant with his experts. We agree this issue was waived. See

United States v. Hardman, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised

in a perfunctory manner . . . are waived.").

Finally, Tietjen argues the ALJ failed "to faithfully capture the essence" of a

report from consulting examining physician Dr. Gourd stating that she had difficulty

picking up paper clips, had a hand tremor, and dropped objects frequently. A state

agency physician, Dr. Woodcock, determined that manipulative limitations had not

been established after reviewing all of the medical evidence and noting Dr. Gourd's

report, but also considering additional medical evidence, including negative x-rays of

Tietjen's hands and wrists. We find no error in the ALJ's consideration of Drs.

Gourd's and Woodcock's evidence, or his reliance on Dr. Woodcock's report in his

RFC determination.

**B**

Tietjen argues the ALJ's step five determination was flawed because he failed

to pose a precise hypothetical question to the vocational expert ("VE") at the

administrative hearing. In order for a VE's response to a hypothetical question to

constitute substantial evidence supporting an ALJ's disability determination, the

question must "relate with precision all of [the] claimant's impairments." Hargis v.

Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted).

The ALJ asked the VE about available jobs, assuming a hypothetical claimant

having the physical capacity to perform work consistent with Dr. Woodcock's

physical RFC assessment in Exhibit 9F and mental limitations consistent with those described in Dr. Craig's mental RFC assessment in Exhibit 7F. Tietjen argues that simply referencing exhibits failed to ensure the accuracy of the hypothetical question posed to the VE.

Tietjen does not contend that the VE's testimony failed to take into account any of the limitations described in these exhibits,[1] or otherwise created any misinterpretation. The VE testified that she had studied the record, which included Dr. Woodcock's and Dr. Craig's RFC assessments, and had listened to Tietjen's testimony. Cf. Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990) ("The fact the vocational expert was present and heard testimony concerning [the claimant's] alleged impairments suggests that the effect of the error, if any, in the [ALJ's] hypothetical, was minimal."). Both Dr. Woodcock's physical RFC assessment and Dr. Craig's mental RFC assessment are specific and unambiguous, and the ALJ relied upon these assessments in making his RFC determination. Nothing in the record suggests the hypothetical failed to reflect Tietjen's physical and mental limitations. Although the court does not favor this

---

[1] She does argue that the hypothetical should have included the limitations described by Drs. Gourd and Trinidad, but we concluded in Part II that the ALJ properly evaluated these medical reports.

method of posing a hypothetical,[2] in this case, we find no error in the ALJ's reliance on these exhibits in formulating his question.

## III

The judgment of the magistrate judge is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] A panel of this court has observed that "[a] complete question paired with a complete answer in the transcript is highly desirable [because the shortcut of using forms] too often leaves the reviewing court with difficulty in determining if the people sitting in the hearing room all were asking questions, giving testimony, and listening to testimony regarding the same hypothetical RFC." Sitsler v. Astrue, 410 F. App'x 112, 120 n.4 (10th Cir. 2011) (unpublished) (quotation omitted).